## Andy Michels v. F. A. West.

1. STATUTES—*Section 1, Chapter 59, R. S., Construed.*—Section 1, Chapter 59, R. S., does not make a verbal contract which is not to be performed within one year from its date, absolutely void, nor does it prohibit the making of such contracts: but it simply provides what character of evidence shall be sufficient to establish such a contract when a suit is brought to enforce it.

2. CONTRACTS—*Not Enforceable Under the Statute of Frauds, Admissible in Evidence, When.*—A contract which is not enforceable under the statute of frauds may be admitted in evidence where the suit is not on such contract.

3. PLEADINGS—*Practice Where There Are No Written Pleadings.*— Where there are no written pleadings in the case, the rules of law governing the substantial oral pleadings are the same as if the pleadings had been in writing.

4. SAME—*Burden of Proof Under a Plea of Confession and Avoidance.*—Where issue is taken on a plea of confession and avoidance, the burden of proving the defense set up in the plea rests with the pleader.

5. INSTRUCTIONS—*Should Be Accurate Where the Case is a Close One.* —Where the case is a close one it is important that the jury should be accurately instructed on the law applicable to it.

·Error to the County Court of Edwards County; the Hon. WILLIAM McGREGOR, Judge presiding. Heard in this court at the February term, 1903. Reversed and remanded. Opinion filed June 15, 1903.

J. M. CAMPBELL and B. A. CAMPBELL, attorneys for plaintiff in error.

JOEL C. FITCH, attorney for defendant in error.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

This case was brought by plaintiff in error against defendant in error, before a justice of the peace of Edwards county, and was appealed by defendant in error to the County Court of that county, where a trial was had before

a jury, resulting in a verdict and judgment in favor of the defendant in that court, and the plaintiff has brought the case here by writ of error, and the parties will be designated here as "plaintiff" and "defendant," the same as in the lower courts.

About the first of June, 1901, the parties made a verbal agreement by which plaintiff agreed to work for defendant on his farm for a term of three years from the date named, for which the defendant agreed to pay plaintiff $200 per year, in monthly payments, and plaintiff agreed that if he failed to perform his part of the agreement, by leaving the service of defendant before the end of the term, he would pay defendant $50. Plaintiff worked for defendant from June 1, 1901, to early in February, 1902, when he became unable to labor because of an attack of rheumatism and nervous troubles. He was advised by his attending physician to go to Hot Springs, Arkansas, for treatment, and he concluded to do so.

At that time defendant was indebted to plaintiff $20 for labor and other small matters, about which there is no disagreement. Plaintiff's brother Charles was also indebted to plaintiff $100, but did not have the money to pay him, and as plaintiff needed money to pay his expenses to Hot Springs, defendant loaned to Charles Michels $100 and took a mortgage on some property of Charles' in Ellery, securing the loan; but as Charles resided some distance from where plaintiff and defendant resided, he requested defendant to pay the money to plaintiff when he wanted it, which defendant agreed to do. Shortly afterward, plaintiff called on defendant for the money, and the parties had what defendant claims was a settlement of all matters between them, and defendant paid the plaintiff $70, which plaintiff accepted, but a few days thereafter demanded of defendant a further payment of $50, which defendant refused to make, hence plaintiff brought this suit.

While four errors are assigned on the record, none of them are abstracted.

The first assignment of error is the admission of improper evidence on behalf of defendant.

It is insisted by plaintiff that it was error in allowing defendant to testify, over plaintiff's objection, as to the terms of the contract under which plaintiff agreed to work for the defendant, the contention being that because the contract was not to be performed within one year from the time it was made, and was not in writing, that therefore it was absolutely void, under and by virtue of Section 1 of Chapter 59 of Hurd's Revised Statutes, 1899. The section of the statute referred to and relied upon, only refers to and embraces a suit that is brought upon a contract not in writing and which is not to be performed within one year from its date.

The statute does not make a verbal contract, which is not to be performed within one year from its date, absolutely void, nor does it prohibit the making of such contracts; but it simply provides what character of evidence shall be sufficient to establish such a contract when a suit is brought to enforce it. The object of the law is to prevent false swearing and perjury, and hence the title of the chapter is, "An Act to Revise the Law in Relation to Frauds and Perjuries."

This suit was not brought on the contract; and there was no error in allowing defendant to testify what the contract between the plaintiff and defendant was for the purpose of showing there was an honest claim in favor of defendant against plaintiff, growing out of the contract, which was a proper matter of settlement.

The second error assails in a bunch the giving to the jury defendant's seven instructions. The first instruction told the jury that "money voluntarily paid can not be recovered back." It is insisted that there was no evidence in the record to which the instruction could apply. We can not agree with counsel on this point, as an unbiased reading of the evidence forces us to an opposite conclusion.

Defendant's second, third and fourth instructions are substantially alike. The third instruction is as follows:

"Third. The court instructs you that if you believe from the weight of the evidence that the plaintiff and the

Michels v. West.

defendant had a settlement on or about the first day of March, 1902, concerning the service of the plaintiff to the defendant, and that in said settlement the plaintiff voluntarily, willingly and without fraud, and with a full knowledge of all the facts, allowed the defendant to retain $50 out of the money that the defendant then had belonging to the plaintiff, as damages, because the plaintiff had failed to work for the defendant for the period of three years, if he did so fail, then such settlement is conclusive and binding on the plaintiff, and the plaintiff can not recover in this suit, and you should find for the defendant, West."

We fail to find any fault in either of the instructions.

The substance of defendant's fifth instruction, which is most complained of, is:

"The court instructs you that before the plaintiff can recover in this suit, he must prove his right to recovery by a preponderance of the evidence."

It is insisted that this placed the burden of proving there was no settlement upon the plaintiff. We think this a a correct conclusion to be drawn from the instruction.  ·

The plaintiff had already asked, and the court had given to the jury, the following instruction:

"The court instructs the jury that in this case the defendant contends that the plaintiff agreed that the defendant should keep the money in question as a sort of penalty for a violation of a certain contract on the part of the plaintiff, and you are further instructed that the burden of proving this contention by a preponderance of the evidence, is on the defendant."

It is impossible that both of the instructions can be correct.

While there are no written pleadings in the case, the rules of law governing the substantial oral pleadings are the same as if the pleadings had been in writing. If defendant had filed a written plea he would have admitted that he had loaned $100 to plaintiff's brother, and that the brother had requested the defendant to pay over the money to plaintiff, and defendant promised to comply with the request; and that he did pay over all of the money except $50, which sum plaintiff agreed that defendant might

retain, to pay and cancel a debt of that sum owing by plaintiff to defendant.

Such a plea would have been a plea of "confession and avoidance," and when issue is taken on such a plea, the burden of proving the defense set up in the plea rests with the pleader. It follows, therefore, that the court erred in giving the instruction, as the jury may have been misled by it in finding the verdict they did. The case is a close one, and it is important, where such is the fact, that the jury should be accurately instructed on the law applicable to it.

For the error in giving appellee's fifth instruction, the judgment is reversed and the cause remanded for a new trial.